# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAKENTAE ROBERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-00013-JMB |
| ) | |
| JULIA CHILDREY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Lakentae Roberson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the petition will be summarily dismissed.

### Background

Petitioner is a Missouri state pretrial detainee, currently incarcerated at the St. Louis County Justice Center. He has been charged in the Circuit Court of St. Louis County with first degree murder, first degree assault or attempted assault, two counts of first degree burglary, and third degree domestic assault. *State of Missouri v. Roberson*, No. 18SL-CR00348-01 (21st Judicial Cir., St. Louis County).[1] The indictment was filed on March 22, 2018. Petitioner was arraigned and appointed an attorney. According to a docket entry made on June 14, 2018, a jury trial in petitioner's case is scheduled for July 15, 2019.

On January 2, 2019, petitioner filed a document entitled "Motion for Writ of Habeas Corpus" brought pursuant to § 2241. (Docket No. 1). Petitioner states that he has a Sixth Amendment right to a speedy trial and that if the state cannot bring him to trial "per [the] 180 day rule, all charges against the accused must be dismissed with prejudice." He alleges that the

---

[1] Petitioner's criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

state is attempting to violate his speedy trial right by setting his trial on a date beyond the 180-day limit. As such, he requests that his criminal case be dismissed with prejudice.

## Discussion

Petitioner seeks to have his state criminal charges dismissed before trial due to an alleged violation of his right to a speedy trial under the Sixth Amendment[2] and the so-called "180 day rule."[3] For the reasons discussed below, the Court must summarily dismiss his petition.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"). However, a state court defendant attempting to contest the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). As such, a § 2241 petition is the appropriate method for petitioner to attack his case on speedy trial grounds.

Petitioner asserts that his case should be dismissed because his right to a speedy trial pursuant to the Sixth Amendment and Missouri's speedy trial provisions has been violated. The

---

[2] The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

[3] Petitioner also states that his claim is premised on the Federal Speedy Trial Act, 18 U.S.C. § 3161. By its terms, § 3161 applies to federal criminal cases, and is inapplicable to petitioner's state law charges.

2

crux of his contention rests in what he refers to as the "180 day rule." He states that his case must be brought to trial within 180 days or be dismissed. Specifically, he notes that his trial, which is currently scheduled for July 15, 2019, is beyond the 180-day period in which he believes he must be tried.

Clearly, petitioner is relying on a former version of the Missouri Speedy Trial Act, which was repealed effective June 7, 1984. Prior to its repeal, Missouri law provided that when "a plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment." *See State v. Bolin*, 643 S.W.2d 806, 810 n.3 (Mo. 1983) (providing statutory language). The current, operative version of the Speedy Trial Act does not have a 180-day requirement. *See State v. Engel*, 859 S.W.2d 822, 830-31 (Mo. Ct. App. 1993) (stating that the current "statute sets no deadline, and certainly not a deadline of 180 days"). Rather, the statute provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1). Thus, to the extent that petitioner is proposing that there has been a violation of a strict statutory deadline, he is mistaken.

Furthermore, with regards to Missouri's current Speedy Trial Act, federal courts do "not have jurisdiction under 28 U.S.C. § 2241…to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, such claims based on state law and the actions of state officials must be addressed by a state court. *Id. See also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts"). For these reasons, petitioner's speedy trial claim based on Missouri's Speedy Trial Act must be dismissed.

3

With regards to petitioner's Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (stating that the doctrine of exhaustion of state remedies is meant to protect state courts' opportunity to confront and resolve constitutional issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, petitioner must first exhaust his state remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3rd Cir. 1975) (stating that speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, petitioner has not demonstrated that he has exhausted his state court remedies. Review of his state court proceeding indicates that petitioner has filed a number of

motions with the state trial court asserting the same grounds for dismissal as are before this court, to wit: that the state has violated his right to have a trial within 180 days, and therefore, his case must be dismissed. It does not appear that these motions have been set for a hearing or ruled on by the court. More pertinently, petitioner has not filed for a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. Mo. Rev. Stat. § 545.780(2). He has also failed to establish any "special circumstances" that would allow him to avoid exhausting his state remedies. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. In particular, a petitioner is not allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in state court. *See Neville*, 611 F.2d 673, 676. Here, petitioner is not attempting to compel a state trial, but to avoid one. His state criminal case has been set for trial on July 15, 2019. Nonetheless, before that trial occurs, and before the outcome of that trial – including his affirmative defenses – has been tested in state court, petitioner is seeking to have this Court dismiss his case outright. The Court declines petitioner's request to insert itself into an ongoing state criminal case or to circumvent state-court processes.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the

reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of February, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE